**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

TRACY SULLI, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KEURIG DR PEPPER, INC.,

Defendant.

CASE NO. 26-cv-6420-EAW

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KEURIG DR PEPPER INC.'S MOTION TO DISMISS AND STRIKE PLAINTIFF'S CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS


PRELIMINARY STATEMENT .......... 1

PROCEDURAL BACKGROUND .......... 3

FACTUAL BACKGROUND .......... 3

LEGAL STANDARD .......... 4

ARGUMENT .......... 4

I. RES JUDICATA BARS PLAINTIFF'S CLAIMS .......... 4

A. The *Smith* Case and Settlement .......... 5

B. The *Smith* Final Judgment is a Final Judgment on the Merits .......... 7

C. Plaintiff Is in Privity with the *Smith* Class as a Class Member .......... 7

D. The Claims Were or Could Have Been Raised in *Smith* and Arise from the Identical Factual Predicate .......... 9

E. The *Smith* Release Independently Bars Plaintiff's Claims .......... 10

II. THE CLASS ALLEGATIONS SHOULD BE STRICKEN .......... 11

III. REASONABLE CONSUMERS ARE NOT DECEIVED .......... 12

A. The Reasonable Consumer Standard Requires Dismissal Based on the Qualifying Statement .......... 13

B. Keurig's "Check Locally" Qualifier Complies with the FTC's Green Guides, and Plaintiff Cannot Convert a Qualified Recyclability Claim into a Duty to Disclose Every Potential Barrier to Recycling .......... 17

C. Plaintiff's Cited Study Undercuts Her "Not Recyclable" Theory .......... 20

D. Plaintiff's Omission Theory Fails Because the Alleged Recyclability Facts Were Publicly Available, Not Exclusively Known to Keurig .......... 21

CONCLUSION .......... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 275 F. Supp. 3d 910 (N.D. Ill. 2017), *rev'd in part, appeal dismissed in part sub nom. Bell v. Publix Super Markets, Inc.*, 982 F.3d 468 (7th Cir. 2020)......................14, 15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)....................4

*Boswell v. Bimbo Bakeries USA, Inc.*, 570 F. Supp. 3d 89 (S.D.N.Y. 2021)....................14, 15

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002)....................20

*Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867 (1984)....................7

*In re Corrugated Container Antitrust Litig.*, 643 F.2d 195 (5th Cir. 1981) ....................10

*Curtis v. 7-Eleven, Inc.*, No. 21-cv-6079, 2022 WL 4182384 (N.D. Ill. Sept. 13, 2022)....................18, 19

*Davis v. Navient Corp.*, No. 17-CV-00992-LJV-JJM, 2018 WL 1603871 (W.D.N.Y. Mar. 12, 2018) ....................11

*Duchimaza v. Niagara Bottling, LLC*, 619 F. Supp. 3d 395 (S.D.N.Y. 2022)....................18, 19, 21

*Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016) ....................13

*Emilio v. Sprint Spectrum L.P.*, 68 F. Supp. 3d 509 (S.D.N.Y. 2014)....................11, 12

*Fink v. Time Warner Cable*, 714 F.3d 739 (2d Cir. 2013) (per curiam)....................12, 13, 15, 21

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982)....................11

*Hardy v. Olé Mexican Foods, Inc.*, 616 F. Supp. 3d 247 (W.D.N.Y. 2022) ....................14

*Jenkins v. Nat'l Collegiate Athletic Conf.*, No. 25-CV-2844 (DLC), 2025 WL 3625934 (S.D.N.Y. Dec. 29, 2025), *appeal dismissed*, No. 26-55 (2d. Cir. Feb. 27, 2026) ....................7

*Jessani v. Monini N. Am., Inc.*,
744 F. App'x 18 (2d Cir. 2018) ....................13

*Kramer v. Time Warner Inc.*,
937 F.2d 767 (2d Cir. 1991)....................5

*Mantikas v. Kellogg Co.*,
910 F.3d 633 (2d Cir. 2018)....................13

*Marvel Characters, Inc. v. Simon*,
310 F.3d 280 (2d Cir. 2002)....................7

*Murphy v. Int'l Bus. Machines Corp.*,
No. 10 Civ. 6055(LAP), 2012 WL 566091 (S.D.N.Y. Feb. 21, 2012)....................8

*Paradowski v. Champion Petfoods USA, Inc.*,
No. 22-962-CV, 2023 WL 3829559 (2d Cir. June 6, 2023)....................21

*Reyn's Pasta Bella, LLC v. Visa U.S.A., Inc.*,
442 F.3d 741 (9th Cir. 2006) ....................11

*In re Sling Media Slingbox Advert. Litig.*,
202 F. Supp. 3d 352 (S.D.N.Y. 2016)....................22

*Smith v. Keurig Green Mountain, Inc.*,
No. 18-cv-06690-HSG, 2023 WL 2250264 (N.D. Cal. Feb. 27, 2023)....................1

*Stephenson v. Dow Chem. Co.*,
273 F.3d 249 (2d Cir. 2001), *aff'd in part and vacated in part on other grounds*, 539 U.S. 111 (2003)....................7, 8

*Swartz v. Coca-Cola Co.*,
No. 21-CV-04643-JD, 2022 WL 17881771 (N.D. Cal. Nov. 18, 2022)....................19

*TBK Partners, Ltd. v. W. Union Corp.*,
675 F.2d 456 (2d Cir. 1982)....................9

*TechnoMarine SA v. Giftports, Inc.*,
758 F.3d 493 (2d Cir. 2014)....................4, 9

*Wai Hoe Liew v. Cohen & Slamowitz, LLP*,
265 F. Supp. 3d 260 (E.D.N.Y. 2017) ....................12

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
396 F.3d 96 (2d Cir. 2005)....................9, 10

*Warren v. Coca-Cola Co.*,
670 F. Supp. 3d 72 (S.D.N.Y. 2023)....................14, 15

*Womack v. EVOL Nutrition Assocs., Inc.*,
No. 6:21-CV-00332, 2021 WL 5906340 (N.D.N.Y. Dec. 14, 2021) ....................22

**State Cases**

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
85 N.Y.2d 20 (1995) ....................21

**State Statutes**

N.Y. Gen. Bus. Law § 349 ........ *passim*
N.Y. Gen. Bus. Law § 350 ........ *passim*

**Rules**

Fed. R. Civ. P. 12(b)(6) ........ 1, 4
Fed. R. Civ. P. 12(f) ........ 1, 4, 11
Fed. R. Civ. P. 23 ........ 4, 7, 11, 12

**Regulations**

16 C.F.R. § 260.12 ........ 18, 19, 20

Defendant Keurig Dr Pepper Inc.,[1] ("Keurig" or "Defendant") submits this Memorandum of Law in support of its motion to dismiss Plaintiff's Class Action Complaint under Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

Plaintiff Tracy Sulli's ("Plaintiff") Complaint alleges that Keurig's K-Cup pods ("Pods" or "Products") are misleadingly advertised as "recyclable" because various communities do not accept them for recycling. But Keurig does not claim that the Products will ultimately be recycled in all communities. In fact, it clearly and conspicuously does the opposite by including a qualifying statement on the label that directs consumers to "Check Locally – Not Recycled In Many Communities," which appears directly below the word "recyclable" and is connected by an asterisk.

Keurig added this qualifying language to the packaging as the injunctive relief in a 2022 nationwide class action settlement involving Keurig in the Northern District of California. *See Smith v. Keurig Green Mountain, Inc.*, No. 18-cv-06690-HSG, 2023 WL 2250264, at *1 (N.D. Cal. Feb. 27, 2023) ("Class Settlement" or "*Smith* Final Judgment"). The *Smith* case challenged recyclable claims on Keurig packaging, and the *Smith* Final Judgment—including the qualifying language stating that the Products are not accepted in "many communities"—constitutes a litigated, final judgment on the merits that binds a nationwide class, including New York purchasers. The Class Settlement bars Plaintiff's Complaint under the principles of res judicata and specifically releases the claims of any United States consumer who purchased Pods within the *Smith* class period. Although Plaintiff here purports to define a class beginning August 9, 2022

[1] Keurig Dr Pepper Inc. is a holding company and is not the properly named party. Defendant plans to meet and confer with Plaintiff to request that Plaintiff amend his Complaint to name the proper party, Keurig Green Mountain, Inc., at issue here.

(one day after the *Smith* class period closed) and alleges a "most recent[]" purchase in March 2025, she nowhere pleads that she did not purchase Pods during the *Smith* class period. That omission is fatal, because Plaintiff does not plausibly plead facts showing that she is not bound by the *Smith* settlement.

Even assuming *arguendo* that Plaintiff evades res judicata, her class allegations should still be stricken. Whether absent New York purchasers are members of the released *Smith* class facially cannot be determined without individualized inquiry into each putative member's purchasing history.

The Complaint also fails to meet the reasonable consumer standard. Plaintiff unreasonably attempts to isolate the word "Recyclable" and ignore the qualifying statement directly beneath advising consumers to "Check Locally" because the Products are "Not Recycled in Many Communities." Compl. ¶¶ 25, 28, 40. Read together, these statements accurately convey that the Pods are capable of being recycled and that recycling availability varies locally. Reasonable consumers would not construe the Pod's packaging to claim, as Plaintiff asserts, that every Pod will actually be recycled in every or most communities. And the survey on which Plaintiff relies in the Complaint itself confirms that some facilities accept Pods for recycling, meaning that the qualifying language is accurate. Moreover, the Pod's qualifier follows the FTC Green Guides' direction to disclose geographically limited recycling availability. Plaintiff therefore fails to plead deception as a matter of law, and Keurig's compliance with the Green Guides is a complete defense under General Business Law ("GBL") sections 349(d) and 350(d).

Because Plaintiff's claims fail as a matter of law, this Court should dismiss the Complaint without leave to amend. Or in the alternative, the Court should strike the class allegations.

## PROCEDURAL BACKGROUND

On April 10, 2026, Plaintiff filed her class action Complaint asserting claims under the New York GBL Sections 349 (deceptive acts and practices) and 350 (false advertising). Plaintiff brings this action on behalf of a putative New York class defined as "[a]ll person[s] who bought the Products in the State of New York from August 9, 2022 through the date notice of class certification is disseminated." Compl. ¶ 8.

## FACTUAL BACKGROUND

Plaintiff alleges that Defendant promotes the recyclability of its Pods, prominently displaying the words "Recyclable K-Cup Pods" alongside the chasing arrows recycling symbol. *Id.* ¶ 24. Despite the Product label inserted in Plaintiff's Complaint showing a conspicuous disclaimer, Plaintiff alleges that any qualifying language appears in fine print that is visually separated from the primary recyclability claim and unlikely to be noticed by consumers. *Id.* ¶ 25.

Plaintiff contends that these representations are false and misleading because the majority of municipal recycling programs—serving at least 60 percent of U.S. consumers—do not accept Pods. *Id.* ¶¶ 33, 38-39. Plaintiff further contends that the qualifier "Check Locally – Not Recycled in Many Communities" fails to cure the alleged misrepresentation because it does not inform consumers whether Pods are accepted in their specific communities and may lead consumers to incorrect conclusions where local programs accept #5 plastic generally but not Pods specifically. *Id.* ¶ 41. Plaintiff alleges that she purchased the Products from a Wegmans grocery store in Penfield, New York, and that her "most recent[]" purchase occurred in "March of 2025." *Id.* ¶ 16. Plaintiff further alleges that she purchased the Products "on numerous occasions throughout the class period," but the Complaint does not plead when her purchases began or that her March 2025 purchase was her only purchase of Pods. *Id.* ¶ 15.

## LEGAL STANDARD

A Federal Rule of Civil Procedure 12(b)(6) motion tests the legal sufficiency of a complaint. To survive dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The Court must accept all well-pleaded factual allegations as true but need not accept "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court may also consider documents incorporated by reference in a complaint and matters of which the Court may take judicial notice, including court records from related proceedings.

Under Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Rule 23(d)(1)(D) independently authorizes the Court to "require that the pleadings be amended to eliminate allegations about representation of absent persons."

## ARGUMENT

### I. RES JUDICATA BARS PLAINTIFF'S CLAIMS

Plaintiff's Complaint—which targets the same recyclability representations that were resolved by the *Smith* Final Judgment—is barred by res judicata. In the Second Circuit, claim preclusion bars a claim where "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014). All three elements are satisfied here. Although Plaintiff alleges a class period beginning August 9, 2022, and a "most recent[]" purchase in March 2025, she nowhere pleads that she did not purchase Pods during the

*Smith* class period or that she is not a member of the released *Smith* class. This omission warrants dismissal.

### A. The *Smith* Case and Settlement

In 2018, Plaintiff Kathleen Smith brought a consumer class action against Defendant Keurig Green Mountain, Inc., a subsidiary of Keurig Dr Pepper Inc., alleging that "Defendant's 'recyclable' labeling on its plastic single-serve coffee pods . . . is false and misleading." Declaration of Nilda M. Isidro, Esq. ("Isidro Decl.") Ex. A at 1[2]. The *Smith* action alleged the violation of various consumer fraud statutes, because despite advertising the pods as "recyclable," "municipal recycling facilities are not properly equipped to handle the pods" and even if they can, the pods "often end up in landfills anyway[s]." *Id.*

On February 24, 2022, the parties filed a stipulation of settlement with the Court. *See* Isidro Decl. Ex. B ("*Smith* Settlement Agreement"). "Class Members" were defined as "all persons or entities in the United States who purchased the Challenged Products during the Class Period." *Id.* at § I.A.12. As part of the settlement relief, the parties agreed that "Keurig and its Affiliates shall not use a Recycling Representation without clearly and prominently including the qualifying statement, 'Check Locally – Not Recycled in Many Communities.'" *Id.* at § 3.A.1. This "qualifying statement" had to appear "in close proximity to, and in a font size no smaller than 55% of the font size of, the Recycling Representation." *Id.* at § 3.A.2. The *Smith* Settlement Agreement also attached a "representative example of the new qualifying language and font size

[2] The Court may take judicial notice of filings from the *Smith* action because "courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767 (2d Cir. 1991). The order is offered for its existence and legal effect that a federal court approved a nationwide settlement and release covering Keurig's recyclability representations.

ratio compliant" with the settlement relief:




*Id.*, Ex. H. The Class Members released "all claims . . . existing now or ***in the future***, arising out of or related to (1) Recycling Representations made with respect to the Challenged Products prior to the Graphics Transition End Date and/or (2) Settlement Recycling Representations made with respect to the Challenged Products."[3] *Id.* at § IV.A (emphasis added).

On February 27, 2023, the Court granted final approval of the class action settlement following a final fairness hearing. *See* Isidro Decl. Ex. A. The Court approved the class definition, which was "all Persons in the United States who purchased Keurig's Pods for personal, family or household purposes within the Class Period." *Id.* at 3. The Class Period was from June 8, 2016, to the date Class notice was first published on August 8, 2022. *Id.*; Isidro Decl. Ex. C. In approving the Settlement Agreement, the Court found that "the proposed settlement [was] fair, adequate, and reasonable, and that the Class Members received adequate notice." Isidro Decl. Ex. A at 7.

---

[3] "Recycling Representation" "means any representation to any third party (in any labeling, marketing, advertising or otherwise) that the Challenged Products are recyclable (through use of the word 'Recycling' or any variation thereof or through the conspicuous use of the Chasing Arrow symbol or any variation thereof)." Isidro Decl. Ex. B at § I.A.37. "Settlement Recycling Representation" "means any representation made to any third party (in any labeling, marketing, advertising or otherwise) in accordance with the terms" of the *Smith* Settlement Agreement's injunctive relief. *Id.* at § I.A.45.

The Court also found that "the Settlement provides significant injunctive relief"—*i.e.*, the requirements that Keurig include qualifying language in its labels—"that gets at the heart of [the] complaint by requiring [Keurig] to change its labeling and advertising nationwide and on its website." *Id.* at 10.

### B. The *Smith* Final Judgment is a Final Judgment on the Merits

It is well established that "a dismissal, with prejudice, arising out of a settlement agreement operates as a final judgment for res judicata purposes." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 287 (2d Cir. 2002); *see also Jenkins v. Nat'l Collegiate Athletic Conf.*, No. 25-CV-2844 (DLC), 2025 WL 3625934 (S.D.N.Y. Dec. 29, 2025) at *2 ("A settlement agreement operates as a final judgment for res judicata purposes."), *appeal dismissed*, No. 26-55 (2d. Cir. Feb. 27, 2026). And "a judgment in a properly entertained class action is binding on class members in any subsequent litigation." *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984).

The *Smith* Final Judgment—which incorporated and approved the *Smith* Settlement Agreement and discharged the Released Parties from all liability for the Released Claims—satisfies this element. *See* Isidro Decl. Ex. A at 18-19.

### C. Plaintiff Is in Privity with the *Smith* Class as a Class Member

Class members who do not opt out of a Rule 23 class action are bound by the resulting judgment if they were adequately represented and afforded adequate notice. *Stephenson v. Dow Chem. Co.*, 273 F.3d 249, 260 (2d Cir. 2001) ("Res judicata generally applies to bind absent class members except where to do so would violate due process."), *aff'd in part and vacated in part on other grounds*, 539 U.S. 111 (2003).

The *Smith* Final Judgment certified a nationwide class of "all Persons in the United States

who purchased Keurig's Pods for personal, family or household purposes within the Class Period"—from June 8, 2016, to the date Class notice was first published on August 8, 2022. Isidro Decl. Ex. A at 3, Ex. C. That nationwide class necessarily included New York purchasers such as Plaintiff. Plaintiff alleges that she purchased the Products "on numerous occasions throughout the class period," and that her "most recent[]" purchase occurred in March 2025. Compl. ¶¶ 15-16. But Plaintiff nowhere alleges when her purchases began, that her March 2025 purchase was her only or first purchase of the Products, or that she did not purchase Pods during the *Smith* Class Period. Nor does Plaintiff allege that she opted out of the *Smith* settlement. *See* Isidro Decl. Ex. D at Ex. B (listing the twelve individuals who opted out).

Once a defendant establishes that a plaintiff falls within a prior settlement class, the plaintiff "must plead facts that, if true, would plausibly call into question the 'fundamental fairness' of applying [the] settlement terms" to her, or otherwise show she is not bound. *Murphy v. Int'l Bus. Machines Corp.*, No. 10 Civ. 6055(LAP), 2012 WL 566091, at *9 (S.D.N.Y. Feb. 21, 2012). Plaintiff's device of defining a class to begin one day after the *Smith* class period closed does not discharge that burden: her own allegation that she purchased Pods "on numerous occasions" prior to her March 2025 purchase leaves open whether she made any purchases within the *Smith* period. Compl. ¶ 15.

The *Smith* court approved a comprehensive notice plan—including direct email notice to 1.7 million people, a follow-up email notice to 1.4 million people, and a digital media campaign—and expressly found that "the parties have sufficiently provided the best practicable notice to the Class Members." Isidro Decl. Ex. A at 8. Res judicata binds absent class members so long as they received the process due—adequate representation and adequate notice—which the *Smith* court expressly found. *Stephenson*, 273 F.3d at 260.

The *Smith* court also expressly evaluated and approved the adequacy of class representation, finding that class representatives Smith and Downing and class counsel had vigorously prosecuted the action over more than four years, including through class certification, extensive discovery, and two full-day mediation sessions. Isidro Decl. Ex. A at 6, 16-19. Plaintiff cannot collaterally challenge those findings here.

### D. The Claims Were or Could Have Been Raised in *Smith* and Arise from the Identical Factual Predicate

Res judicata bars not only claims that were raised, but also those that "could have been" raised in the prior action. *TechnoMarine*, 758 F.3d at 499. In the class-settlement context, a release reaches "claims not presented and even those which could not have been presented as long as the released conduct arises out of the 'identical factual predicate' as the settled conduct." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 107 (2d Cir. 2005). An identical factual predicate exists "where there is a realistic identity of issues between the settled class action and the subsequent suit." *TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456, 461 (2d Cir. 1982). A plaintiff therefore cannot avoid preclusion by attaching a different statutory label to an issue that has, or could have, been litigated.

Both the *Smith* action and this case arise from the identical factual predicate: alleged misrepresentations regarding the recyclability of Keurig's Products. Both actions challenge the same Products (Keurig Pods labeled as recyclable) on behalf of nationwide purchasers. That the *Smith* class asserted California and other consumer-protection theories while Plaintiff asserts New York GBL §§ 349 and 350 is immaterial, because preclusion and the release reach any claim arising from the identical factual predicate regardless of the legal label affixed to it. *Wal-Mart*, 396 F.3d at 107. And, critically, this case challenges the very label that was the negotiated injunctive relief in *Smith*: the qualifying statement "Check Locally – Not Recycled in Many

Communities." *Compare* Compl. ¶¶ 25, 28, *with* Isidro Decl. Ex. B § III.A.1 & Ex. H. The court in *Smith* found this very labeling "gets at the heart of [the] complaint." Isidro Decl. Ex. A at 10.

Allowing this action to proceed would directly impair the rights established by the *Smith* Final Judgment, would involve substantially the same evidence regarding label content and recyclability of the Products, and would adjudicate the very same alleged injury that was settled in *Smith*.

### E. The *Smith* Release Independently Bars Plaintiff's Claims

Even if traditional res judicata principles did not apply, the broad release in the *Smith* Settlement Agreement separately bars Plaintiff's claims. The Second Circuit has long held that a class settlement may release "not only those claims alleged in the complaint, . . . but also claims which 'could have been alleged by reason of or in connection with any matter or fact set forth or referred to in' the complaint." *Wal-Mart*, 396 F.3d at 108 (quoting *In re Corrugated Container Antitrust Litig*., 643 F.2d 195, 221 (5th Cir. 1981)).

The *Smith* release is broad. It extends to as "all persons or entities in the United States who purchased the Challenged Products during the Class Period," and covers "all claims . . . ***existing now or in the future,*** arising out of or related to (1) Recycling Representations made with respect to the Challenged Products prior to the Graphics Transition End Date and/or (2) *Settlement Recycling Representations* made with respect to the Challenged Products." Isidro Decl. Ex. B §§ I.A.12, IV.A (emphasis added). "Settlement Recycling Representations" means representations made in accordance with the very injunctive relief Plaintiff now challenges—including the "Recyclable" representation and the "Check Locally – Not Recycled in Many Communities" qualifier. *Id.* § I.A.45.

Plaintiff's claims are covered by the release: They challenge the same Products, the same

recyclability claims, and the same "Check Locally" qualifier the *Smith* Settlement Agreement specifically authorized. The Ninth Circuit has enforced releases in materially indistinguishable circumstances. *See Reyn's Pasta Bella*, *LLC v. Visa U.S.A., Inc*., 442 F.3d 741, 749 (9th Cir. 2006) (enforcing release where "the price-fixing predicate . . . and the underlying injury are identical"). Plaintiff is barred from relitigating the adequacy of the *Smith* injunctive relief.

## II. THE CLASS ALLEGATIONS SHOULD BE STRICKEN

Where a complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may, prior to discovery, move to strike class allegations pursuant to Federal Rule of Civil Procedure 12(f). Federal Rule of Civil Procedure 23 directs courts to address class issues "[a]t an early practicable time," and permits them to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(c)(1)(A), (d)(1)(D). The interplay of these rules "empowers the Court to dismiss or strike class allegations at the pleading stage," and a strike is warranted where "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Davis v. Navient Corp.*, No. 17-CV-00992-LJV-JJM, 2018 WL 1603871, at *4 (W.D.N.Y. Mar. 12, 2018) *(quoting Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).

While motions to strike class allegations are often premature where they mirror the Rule 23 certification inquiry, a motion "that addresses issues separate and apart from the issues that will be decided on a class certification motion is not procedurally premature." *Emilio v. Sprint Spectrum L.P.*, 68 F. Supp. 3d 509, 514-15 (S.D.N.Y. 2014). Whether absent putative class members' claims are barred by a prior class-action settlement is precisely such an issue, because "the question whether other class members would be barred from pursuing a class action is distinct

from the class certification analysis under Rule 23." *Id.* at 518, fn 11. Courts in this Circuit have dismissed at the pleadings stage putative class claims when barred by a prior settlement release. *See Wai Hoe Liew v. Cohen & Slamowitz, LLP*, 265 F. Supp. 3d 260, 271-73 (E.D.N.Y. 2017) (dismissing putative class claims barred by a prior class settlement under the identical-factual-predicate doctrine). That is the situation here.

Plaintiff defines a putative class of "[a]ll person[s] who bought the Products in the State of New York from August 9, 2022 through the date notice of class certification is disseminated." Compl. ¶ 8. That definition begins one day after the *Smith* class period closed on August 8, 2022, and does not exclude persons who purchased during the *Smith* period and were bound by that settlement. Determining which putative members are barred by the *Smith* release would require a consumer-by-consumer inquiry into each member's purchasing history between June 8, 2016 and August 8, 2022—an inquiry that is separate and apart from, and antecedent to, the Rule 23 analysis, and that cannot be resolved through common proof. Because this defect is apparent on the face of the Complaint, the class allegations should be stricken, or at a minimum the class narrowed to exclude released *Smith* members. *See Liew*, 265 F. Supp. 3d at 271-73; *Emilio*, 68 F. Supp. 3d at 519.

## III. REASONABLE CONSUMERS ARE NOT DECEIVED

Plaintiff's claims should be dismissed for the independent reason that Plaintiff fails to allege that Keurig's recyclability representations were "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (per curiam). Because "a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer," dismissal at the pleading stage is appropriate where, as here, the plaintiff's theory depends on a selective reading of the

challenged label or disregards its qualifying language. *Fink*, 714 F.3d at 741. To survive dismissal, Plaintiff must do "more than plausibly allege that a 'label might conceivably be misunderstood by some few consumers'"; she must plausibly allege that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Jessani v. Monini N. Am., Inc.*, 744 F. App'x 18, 19 (2d Cir. 2018) (*quoting Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)).

Plaintiff's GBL 349 and 350 claims rest on the same premise: that the Products' packaging deceives reasonable consumers into believing the Products are universally recyclable. The Complaint defeats that theory on its face. Plaintiff acknowledges that the very packaging she challenges qualifies the word "Recyclable" with an asterisked disclosure directly beneath it, advising consumers to "Check Locally" because the Products are "Not Recycled in Many Communities." Compl. ¶¶ 25, 28, 40. Those disclosures indicate that recyclability is conditional, depends on local recycling capabilities, and requires consumer preparation of the pod before recycling. Because no reasonable consumer could view that labeling and conclude that the Products are unconditionally recyclable in their community, Plaintiff fails to plead deception as a matter of law.

### A. The Reasonable Consumer Standard Requires Dismissal Based on the Qualifying Statement

The Second Circuit evaluates an allegedly deceptive label by considering it as a whole. "[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial," so the court considers "the challenged advertisement as a whole, including disclaimers and qualifying language." *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018) (*quoting Fink*, 714 F.3d at 741); *see also Fink*, 714 F.3d at 742 ("[U]nder certain circumstances, the presence of a disclaimer or similar clarifying language may defeat a

claim of deception.”). And where a front-label statement is ambiguous rather than unambiguously false, clarifying language elsewhere on the package resolves the ambiguity and defeats a deception claim as a matter of law. *See, e.g., Warren v. Coca-Cola Co.*, 670 F. Supp. 3d 72, 83-84 (S.D.N.Y. 2023) (holding that “Margarita Hard Seltzer,” viewed as a whole, clarified that the product was a margarita-flavored hard seltzer and that plaintiff's alleged belief that she was purchasing a margarita cocktail was based on her “selective interpretation of individual words from the Product's labeling, and is plainly inconsistent with the face of the package, and with common sense.”) (internal quotations and citations omitted).

Dismissal is warranted here, because the word “Recyclable” on the Products’ packaging is accompanied by an asterisk directly linking it to the qualification “Check Locally – Not Recycled in Many Communities.” Compl. ¶¶ 25, 28. At most, the standalone word “Recyclable” is ambiguous as to whether every Pod will in fact be recycled in every community; it is not an unambiguously false statement. The adjacent, asterisked qualifier resolves any such ambiguity by telling the consumer precisely that recycling is not available everywhere and that the consumer should check locally. A reasonable consumer is charged with reading that qualifier, and where the challenged term is ambiguous, “context can cure the ambiguity and defeat the claim[.]” *Boswell v. Bimbo Bakeries USA, Inc.*, 570 F. Supp. 3d 89, 94 (S.D.N.Y. 2021) (quoting *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 275 F. Supp. 3d 910, 922 (N.D. Ill. 2017), *rev’d in part, appeal dismissed in part sub nom. Bell v. Publix Super Markets, Inc.*, 982 F.3d 468 (7th Cir. 2020)); *see also Hardy v. Olé Mexican Foods, Inc.*, 616 F. Supp. 3d 247, 251-53 (W.D.N.Y. 2022) (dismissing GBL claim because the product packaging, when viewed as a whole, the package’s express “Made in U.S.A.” disclosure clarified that the tortillas were not manufactured in Mexico).

Plaintiff cannot manufacture a deception claim by reading the asterisked qualifier out of the label and isolating the single word "Recyclable." A plaintiff "may not misquote or misleadingly excerpt the language of the advertisement in [her] pleadings and expect [her] action to survive a motion to dismiss." *Fink*, 714 F.3d at 742. A consumer "lulled into a false sense of security by an unavoidable interpretation of an allegedly deceptive statement[] may rely upon it without further investigation," but consumers "who interpret ambiguous statements in an unnatural or debatable manner do so unreasonably" where a clarifying disclosure "would set them straight." *Boswell*, 570 F. Supp. 3d at 94 (*quoting In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 275 F. Supp. at 922). Here, the asterisk and adjacent qualifier put any reasonable consumer on notice that the recyclability representation is qualified, making it unreasonable to assume the Products are unconditionally recyclable in all communities.

Moreover, the qualifying statement "Check Locally – Not Recycled in Many Communities" is located clearly, directly adjacent to the "recyclable" statement and does not contradict the recyclability representation. Rather, it defines and clarifies its scope. That distinguishes this case from those in which a front-label statement is a "bold and blatant" falsehood that clarification cannot cure. *Warren*, 670 F. Supp. 3d at 87-88. The Products tell consumers two things simultaneously: (1) the Products are capable of being recycled, and (2) recycling is not available in many communities and consumers should check locally. A consumer who reads both statements is informed, not deceived.

Plaintiff's allegations regarding real-world recyclability rates fare no better. Plaintiff relies on a survey conducted by SCS Engineers in ten states, which allegedly found that municipal programs serving at least 60 percent of U.S. consumers do not accept the Products. Compl. ¶¶ 31-33, 38-39. As described below, the studies Plaintiff cites do not show that the Products are

incapable of being recycled, only that recycling infrastructure for them is unavailable in certain communities. *Id*. ¶¶ 31-37. That undermines rather than supports Plaintiff's deception theory: it is precisely because recyclability depends on local infrastructure that Keurig's packaging instructs consumers to "Check Locally" and discloses that the Products are "Not Recycled in Many Communities." The SCS findings confirm the accuracy of that qualifier, not its inadequacy.

Plaintiff's next argument that Keurig's K-Cycle mail-back program constitutes an implicit admission that the Products are not recyclable through ordinary curbside systems also does not support a plausible deception claim. *Id*. ¶ 30. The existence of an alternative or supplemental recycling option does not contradict a qualified recyclability representation; it complements one. Keurig's packaging already discloses that the Products are "Not Recycled in Many Communities" and instructs consumers to "Check Locally." Offering a mail-back program as an additional channel for consumers who lack access to curbside recycling options for the Products is entirely consistent with the disclosure that curbside recycling availability is limited and location-dependent. A reasonable consumer reading the Product packaging understands that recyclability of the Products depends on the consumer's location and available infrastructure, which is precisely what the label discloses.

Finally, this packaging, with the qualifiers directly next to "Recyclable," is nearly the exact design approved in the *Smith* Final Judgment that the court determined to be non-deceptive:






*Compare* Isidro Decl. Ex. B, Ex. H (approved label on left), *with* Compl. ¶ 28 (label at issue on right). To put a finer point on it, the *Smith* Court reviewed a nearly identical label to the one at issue here. In approving the Class Settlement and issuing its final judgment, it found that the new label—*i.e.*, including qualifying language—constituted "significant injunctive relief that gets at the heart of [the] complaint by requiring [Keurig] to change its labeling and advertising nationwide and on its website." Isidro Decl. Ex. A at 10. Surely Plaintiff cannot take the position that a Northern District of California federal court approved qualifying language that is deceptive to a reasonable consumer. Yet that is the decision Plaintiff urges this Court to reach, as Plaintiff can only state a claim for relief here if the Northern District of California's approved qualifier is deceptive to reasonable consumers.

**B. Keurig's "Check Locally" Qualifier Complies with the FTC's Green Guides, and Plaintiff Cannot Convert a Qualified Recyclability Claim into a Duty to Disclose Every Potential Barrier to Recycling**

Plaintiff alleges that "Check Locally – Not Recycled in Many Communities" is inadequate because some local programs accept polypropylene #5 plastic generally while rejecting Pods specifically. The Complaint alleges that Pods may be rejected because their small size and multi-material construction can prevent sorting equipment from capturing them and because residual coffee grounds or liquids may contaminate the recycling stream. Compl. ¶¶ 32, 36, 39, 41. From those allegations, Plaintiff contends that "Check Locally – Not Recycled in Many Communities" is inadequate unless Keurig also identifies the item-specific reasons a particular facility may reject them. *Id.* ¶¶ 41–42. Neither is a plausible theory of consumer deception under the reasonable consumer standard nor is that what the Green Guides require.

Plaintiff's claims fail because Keurig's qualified recyclability representation complies with the FTC's Green Guides—a complete statutory defense under the GBL. It is a "complete defense" to liability under GBL sections 349 and 350 that the challenged "act or practice . . . is

subject to and complies with the rules and regulations of, and the statutes administered by, the [FTC].” The Green Guides provide that a marketer “should clearly and prominently qualify recyclable claims to the extent necessary to avoid deception about the availability of recycling programs and collection sites to consumers” where recycling facilities are not available to a substantial majority of consumers. 16 C.F.R. § 260.12(a)-(b). The Guides expressly offer, as a compliant model qualifier, a statement that “[r]ecycling facilities for this product [package] may not exist in your area.” *Id.* § 260.12(b)(1). Keurig’s qualifier—”Check Locally – Not Recycled in Many Communities”—follows that guidance. It discloses that recycling availability is limited and location-dependent and directs consumers to check locally. Compl. ¶¶ 25, 28, 40.

Plaintiff nevertheless contends that the qualifier is insufficient unless Keurig discloses the item-specific barriers that, in her view, prevent the Pods from being recycled. But as the court explained in *Duchimaza v. Niagara Bottling, LLC,* the ordinary dictionary definition of “[r]ecyclable” as “[c]apable of being recycled” and rejected the premise that a product is not recyclable merely because it is not ultimately recycled. 619 F. Supp. 3d 395, 413–14 (S.D.N.Y. 2022); *see also Curtis v. 7-Eleven, Inc.*, No. 21-cv-6079, 2022 WL 4182384, *13 (N.D. Ill. Sept. 13, 2022), (“‘recyclable’ simply means that the product is capable of being recycled. It is about the product itself, meaning its intrinsic character. It is not about what happens to the product after it goes into the recycling bin.”). In *Duchimaza,* the plaintiff alleged that bottled water labeled “100% Recyclable” was misleading because only a small percentage of the bottles were actually recycled, but the court held that those allegations did not show the bottles were incapable of being recycled. *Id.* The court rejected the theory that a “recyclable” claim is deceptive because a product is not in fact recycled or because local recycling capacity is limited, explaining that under the Green Guides “the focus . . . is on the availability of recycling facilities, not the incidence of

recycling," so "whether a recyclability claim is misleading turns not on the incidence of recycling, but whether a substantial majority of consumers *can* place such products into the recycling stream." *Duchimaza*, 619 F. Supp. 3d at 412-13.

Similarly, in *Swartz v. Coca-Cola Co.*, a California district court rejected a plaintiff's suggestion that a recyclable claim meant actually being recycled, holding the plaintiff's interpretation was inconsistent with both the ordinary meaning of the term and with California and federal law. No. 21-CV-04643-JD, 2022 WL 17881771, *1 (N.D. Cal. Nov. 18, 2022). The court observed that in "everyday usage, 'recyclable' is an adjective that means capable of being recycled . . . or a noun that denominates an object that can be recycled," and that it "does not mean a promise that an object will actually be recycled[.]" *Id.* The court further explained that the Green Guides definition of "recyclable" turns on whether a product is "comprised of materials that can be recycled by existing recycling programs—not, as plaintiffs say, on whether the product is converted into reusable material." *Id.* at *2.

Plaintiff cannot transform a qualified recyclability representation into a duty to catalogue every potential reason a local facility might decline the Products. The Green Guides require a marketer to qualify a recyclability claim when recycling availability is geographically limited; they do not require the label to identify each facility's sorting thresholds, contamination policies, equipment limitations, or other item-specific acceptance criteria. *See* 16 C.F.R. § 260.12(b). Keurig's label supplies the disclosures relevant to the consumer. Plaintiff does not dispute that Pods are made from polypropylene #5 plastic—a recyclable material. Plaintiff instead argues that "recyclable" should mean that the Pod will actually be recycled, but that is not how a reasonable consumer understands the term, particularly when the qualifier expressly alerts consumers that recycling is not available everywhere.

Plaintiff's theory requires the Court to assume that a reasonable consumer who follows the instruction "Check Locally" will ask the wrong question, receive a misleadingly incomplete answer, and act on it—a chain of speculative inferences that falls far short of the probability of deception that the reasonable consumer standard demands. Plaintiff's allegations—that Pods are made of recyclable #5 polypropylene but are not accepted for recycling in many communities—do not state a plausible claim of deception. There is nothing deceptive about a label that tells consumers to seek out item-specific local information. To the contrary, that instruction is exactly what the FTC's Green Guides contemplate when recyclability is geographically limited. *See* 16 C.F.R. § 260.12(b)(2).

**C. Plaintiff's Cited Study Undercuts Her "Not Recyclable" Theory**

Plaintiff's Complaint marshals a report prepared for TINA.org by SCS Engineers—for the sweeping proposition that pods are "unable to be recycled." Compl. ¶¶ 31-33. But this source does not support that premise; it confirms the opposite.

The SCS survey does not indicate that Pods are unable to be recycled. First, the survey is far thinner than the Complaint implies: it rests on just 17 responses (15 Material Recovery Facilities ("MRFs") and two transfer stations), and SCS discloses that "only 20 percent of the facilities contacted completed the questionnaire." Isidro Decl. Ex. E[4] at 5, 7. Second, and dispositively, SCS's own data shows the Pods are recycled in some places: "only 20 percent of respondents said that they explicitly accept K-Cups," a "majority (59 percent) of surveyed

[4] To the extent Plaintiff's complaint relies on and quotes the SCS Engineers report, the Court may consider the report in full under the incorporation-by-reference doctrine, because a document the complaint "relies heavily upon its terms and effect" is rendered "integral to the complaint" and may be considered on a motion to dismiss without converting it to summary judgment. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks and citation omitted).

facilities" accept Plastic #5, and four of the seventeen respondents would accept Pods. *Id.* at 7. The report likewise confirms functioning recycling pathways, including Keurig's K-Cycle program and third-party TerraCycle and g2 services. *Id*. The SCS report thus establishes only what Keurig's label already says: the Products are capable of being recycled, but are not recycled in many communities, so consumers should check locally. Because a representation that is accurate as qualified is not deceptive as a matter of law, Plaintiff's cited study cannot save her claims. *See Fink*, 714 F.3d at 741-42; *Duchimaza*, 619 F. Supp. 3d at 412-13.

### D. Plaintiff's Omission Theory Fails Because the Alleged Recyclability Facts Were Publicly Available, Not Exclusively Known to Keurig

To the extent Plaintiff recasts her deception claim as an omission claim—alleging that Keurig failed to disclose that the Pods are not recycled in most communities—that theory independently fails. An omission is actionable under GBL §§ 349 and 350 only "where the business alone possesses material information that is relevant to the consumer and fails to provide this information." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995). Where the allegedly omitted information is publicly available, it is not exclusively within the defendant's possession and cannot support an omission claim. *See Paradowski v. Champion Petfoods USA, Inc.*, No. 22-962-CV, 2023 WL 3829559, at *3 (2d Cir. June 6, 2023) (summary order) (holding that omitted information was not "solely within [the defendant's] possession" but "reasonably obtainable to Plaintiff").

Plaintiff's own Complaint forecloses any omission theory. Her allegations that the Pods are not recycled rest entirely on publicly available sources—a report by SCS Engineers commissioned by TINA.org, published recycling guidance from municipalities and waste haulers, and Keurig's own public SEC filings and a 2024 SEC cease-and-desist order. Compl. ¶¶ 21-22, 31-37. Information a plaintiff draws from public third-party reports is, by definition, not

information that "the business alone possesses." *Oswego*, 85 N.Y.2d at 26. The Complaint separately fails to plead the knowledge an omission claim requires: a bare assertion that a defendant "knew or should have known" is "vague and conclusory" and insufficient. *Womack v. EVOL Nutrition Assocs., Inc.*, No. 6:21-CV-00332 (BKS/TWD), 2021 WL 5906340, at *10 (N.D.N.Y. Dec. 14, 2021); *see also In re Sling Media Slingbox Advert. Litig.*, 202 F. Supp. 3d 352, 359-360 (S.D.N.Y. 2016) ("Because this Court is left speculating as to whether [Defendant] had knowledge of the information Plaintiffs allege it failed to disclose at the time Plaintiffs made their purchases, Plaintiffs have failed to adequately plead that they were victims of a deceptive or misleading act or practice.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed without leave to amend.

Respectfully submitted,

Dated: August 10, 2026

GREENBERG TRAURIG, LLP

By: */s/ Nilda M. Isidro*

Nilda M. Isidro, Esq.
One Vanderbilt Ave.
New York, NY 10017
Tel: (212) 801-9306
Tel: (212) 801-9335
Nilda.Isidro@gtlaw.com

Attorneys for Defendant
KEURIG DR PEPPER INC.